This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39091

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**JEREMY M.**

 Respondent-Appellant,

and

**LUANNA M.**

 Respondent,

**IN THE MATTER OF ANTHONY S.,
JAZZARY M., MATEO M., JAYLENE M.,
JANESSA M., JEREMY M. JR.,
LORENZO M., and LEANNA M.,**

 Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth and Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons

Albuquerque, NM

for Appellant

ChavezLaw, LLC
Rosenda M. Chavez
Sunland Park, NM

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Respondent Jeremy M. appeals from a district court judgment terminating his parental rights to his seven children. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which includes a new issue, which we construe as a motion to amend the docketing statement. We hereby deny the motion to amend for the reasons explained below, and we affirm the district court judgment.

**Motion to Amend**

**{2}**     Respondent claims that he was denied due process based on allegations of child abuse. [MIO 3] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}**     Respondent argues that the admission at the termination hearing of allegations of abuse amounted to a de facto amendment of the petition of neglect. [MIO 4-5] Respondent relies on *State ex rel. Children, Youth & Families Department v. Steve C.*, 2012-NMCA-045, 277 P.3d 484. [MIO 5-8] That case involved our review of an adjudication of both neglect and abuse. The underlying petition alleged only neglect, but the district court allowed Children, Youth, and Families Department (CYFD), to amend the petition at the close of the evidence to include a separate allegation of abuse, and issued a dispositional order that found both neglect and abuse. *Id.* ¶ 5. This Court concluded that the respondent had not been put on notice that he was facing an

adjudication based on abuse, and therefore was denied due process. *Id.* ¶ 16. The adjudication of neglect was not challenged and therefore we determined that the disposition based on neglect was proper. *Id.* ¶ 17.

**{4}** The present case is distinguishable from *Steve C.* Here, the underlying dispositional order, petition to terminate parental rights, and the judgment terminating rights were all based solely on neglect. [RP 122, 246, 609] Therefore, unlike *Steve C.*, Respondent was not denied due process because the court never relied on abuse as a separate ground for termination. Father has not persuaded us that his argument for expansion of *Steve C.*'s due process holding beyond specific defects that occurred there is viable. To the extent that Respondent is raising an evidentiary challenge, he has not indicated that he preserved the issue or that any references to abusive behavior amounted to plain error. *See* Rule 12-321 NMRA; *State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 (stating that we review unpreserved evidentiary questions for plain error). Accordingly, we conclude that this issue is not viable for purposes of allowing an amendment to the docketing statement.

## Sufficiency of the Evidence

**{5}** Respondent continues to challenge the sufficiency of the evidence to support the termination of his parental rights to his seven biological children, Jazzary M., Mateo M., Jaylene M., Janessa M, Jeremy M. JR., Lorenzo M., and Leanna M. (Children). [MIO 8] In reviewing the termination of Respondent's parental rights, "[w]e must determine whether substantial evidence supports the trial court's decision." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 22, 132 N.M. 299, 47 P.3d 859. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Our role is to determine whether the fact[-]finder could properly conclude that the proof requirement below was met." *Id.* In doing so, we do not reweigh the evidence or substitute our judgment for that of the district court on factual matters or on matters of credibility; rather, we view the evidence in the light most favorable to the district court's judgment in determining whether the state has met the clear and convincing standard. *State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833.

**{6}** The district court terminated Respondent's rights on "neglect/reasonable efforts" grounds. [RP 609] In considering a neglect basis for termination, the district court determines whether the State proved by clear and convincing evidence that the parent has not adjusted and will not in the foreseeable future cure the conditions that disable him or her from properly caring for the child, despite reasonable efforts from the State toward reunification of the family. *See State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 13, 133 N.M. 827, 70 P.3d 1266; *see also* NMSA 1978, § 32A-4-28(B)(2) (2005). The district court's decision to terminate parental rights focuses primarily upon " 'the physical, mental and emotional welfare and needs of the child[ren], including the likelihood of the child[ren] being adopted.' " *Vanessa C.*, 2000-NMCA-025, ¶ 23 (quoting § 32A-4-28(A)).

**{7}** Here, the record and the district court's findings of fact and conclusions of law indicate that CYFD presented sufficient evidence that the underlying conditions of neglect would not change in the foreseeable future, despite its reasonable efforts. [RP 558] Specifically, Children were taken into custody in May 27, 2018, due to allegations of abuse and neglect. [RP 558] At the adjudicatory hearing on the abuse/neglect petition, Respondent did not contest that Children are "without proper parental care and control or subsistence, education, medical or other care or control necessary for [their] well-being," as set forth in NMSA 1978, Section 32A-4-2(G)(2) (2017, amended 2018). [RP 63]

**{8}** Respondent was ordered to engage in and successfully complete a treatment plan. [RP 64] CYFD provided Respondent with a case plan to address the underlying conditions of abuse/neglect, reviewed the plan with him on multiple occasions, offered appropriate services, continued to try to make contact, and assisted with visitation. [RP 559] Respondent resisted participating in his case plan throughout the treatment period. [RP 559] Five of the eldest children testified, and all stated that Respondent was not good, that there was no longer a bond with him, and that they did not feel their mother could keep them safe from him. [RP 560] There was also testimony of domestic violence and inappropriate touching. [RP 560] With the exception of one of the children, they testified that they were happy in current foster placement. [RP 560] There was also additional testimony by therapists that indicated sexual and other forms of abuse. [RP 561-563] To the extent Respondent has alleged that there was conflicting evidence on the matter, we defer to the district court's resolution. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

**{9}** Given the above, we conclude that there were sufficient grounds to terminate Respondent's rights at this time. *See In re Termination of Parental Rights of Reuben & Elizabeth O.*, 1986-NMCA-031, ¶ 30, 104 N.M. 644, 725 P.2d 844 (interpreting the term "foreseeable future" to refer to corrective "change within a reasonably definite time or within the near future").

**{10}** For the reasons stated above, we affirm the district court judgment terminating Respondent's parental rights to his seven biological children.

**{11} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**